UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILLIP TIMOTHY HUGHES,

        Petitioner,

v.                             Case No. 3:05-cv-45-J-12MMH

STATE OF FLORIDA, et al.,

        Respondents.

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner Phillip Timothy Hughes, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on November 1, 2004, in the United States District Court for the Northern District of Florida.[1] The case was transferred to the Orlando Division of this Court on December 20, 2004, and transferred to this Court on January 12, 2005.

Petitioner challenges a 1997 state court (Suwannee County, Florida) judgment of conviction for sexual battery and lewd acts on a child on the following grounds: (1) Petitioner is a disabled veteran with a mental illness since 1976; (2) Petitioner was taking

---

[1] The Petition (Doc. #1) was filed on November 1, 2004, in the United States District Court for the Northern District of Florida; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed the Petition and handed it to prison authorities for mailing to the Court (October 20, 2004). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

psychotropic medication before and during trial and is still taking psychotropic medication; (3) Petitioner was not given a psychological evaluation before trial; and, (4) Petitioner was not able to present grounds during the trial in support of his request for a psychological evaluation.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

>presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Answer Requesting Dismissal of Untimely Petition for Writ of Habeas Corpus (hereinafter Response) (Doc. #10). In support of their contentions, they submitted exhibits.[2] Petitioner was given admonitions and a time-frame to respond to the Response. See Court's Order to Show Cause and Notice to Petitioner (Doc. #7). Petitioner has filed a Reply. See Petitioner's Answer Requesting to Grant Timely Petition for Writ of Habeas Corpus (Doc. #11).

Petitioner was convicted of two counts of sexual battery on a child under the age of twelve, two counts of sexual battery on a child while in familial/custodial control, and three counts of a lewd act on a child under the age of sixteen. Ex. A, Judgment. Petitioner Hughes was sentenced to a term of life imprisonment (with a mandatory imprisonment of twenty-five years) on count one

---

[2] This Court will hereinafter refer to Respondents' exhibits as "Ex."

3

as well as on count two, fifteen years of incarceration each on counts three and four, and ten years of incarceration each on counts five, six and seven, all to run concurrently. Id.; see http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).

Petitioner appealed, and the appellate court per curiam affirmed on November 24, 1998. Ex. B. The mandate issued on December 10, 1998. Id.

Petitioner's conviction became final on February 22, 1999 (ninety days after entry of the judgment). See Supreme Court Rule 13.3. This was after the April 24, 1996, effective date of the AEDPA. Therefore, the one-year period of limitation began to run on February 23, 1999.[3] His Petition, filed in federal court on October 20, 2004, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

On or about August 14, 2003 (over four years after his conviction became final), Petitioner filed a Motion for Correction of Illegal Sentence, and or Modification. Ex. C. The trial court

---

[3] See Wade v. Battle, 379 F.3d 1254, 1255 (11th Cir. 2004) (stating that petitioner's judgment of conviction became final when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired; AEDPA's one-year limitation period in § 2244(d)(1) began to run the day after the final day for seeking review expires); Dodd v. United States, 365 F.3d 1273, 1275 n. 1 (11th Cir.), cert. granted, 125 S.Ct. 607 (2004). Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

4

denied the motion on September 22, 2003. Id. The appellate court per curiam affirmed on January 29, 2004, and the mandate issued on February 24, 2004. Ex. D.

On June 18, 2004, Petitioner filed a state Petition for Writ of Habeas Corpus. Ex. E. On August 23, 2004, the court denied the petition. Ex. F. Petitioner did not appeal. Response at 3.

When post-conviction motions are filed after the expiration of the federal limitations period, they cannot toll the period because there is no period left.[4] Here, Petitioner waited until the one-year period of limitation had expired before he filed his first post-conviction motion in state court. Thus, the record reflects that Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner has not shown any justifiable reason[5] why the dictates of the one-year limitation

---

[4] "Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000). Thus, Petitioner's motions did not toll the one-year federal limitation period. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a Florida state prisoner's motion for post-conviction relief in state court, filed one year and four months after judgment on his robbery conviction became final, did not toll the one-year limitation period to file a federal habeas petition because the motion was filed four months after the federal habeas limitation period had expired), cert. denied, 534 U.S. 1144 (2002).

[5] Petitioner states that "[s]ince this was an illegal trial because they failed to do a mental health evaluation it then makes it an illegal sentence and there is no time bar on an illegal sentence." See Answer Requesting to Grant Timely Petition for Writ of Habeas Corpus (Doc. #11), filed April 20, 2005, at 1.

period should not be imposed upon him. Thus, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. Respondents' Answer Requesting Dismissal of Untimely Petition for Writ of Habeas Corpus (Doc. #10), in which they request the dismissal of the Petition, is **GRANTED**, and the Petition (Doc. #1) is hereby **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 11TH day of May, 2005.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sc 5/6
c:
Phillip Timothy Hughes
Assistant Attorney General (David)

6